IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

FILED
SEP 29 2008
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) ) TOTAL ELECTRICAL SERVICE AND ) SUPPLY COMPANY d/b/a TESSCO ) ) ) ) ) ) ) ) Defendant. ) ) | CIVIL ACTION NO. MO-08-CV-130 COMPLAINT JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race and national origin and to provide relief to Johnny Leazer, Jason Glenn and Keith Weir. The Commission alleges that Defendant, Total Electrical Service and Supply Company d/b/a TESSCO (hereafter "Defendant"), violated Title VII by subjecting them to a hostile work environment based on their race, White, and their national origin, Non-Hispanic, and, as a result, they were constructively discharged from their employment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §451, 1331, 1337,

1343, 1345. This action is authorized and instituted pursuant to Section 706(1)(f) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f) (1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Western District of Texas, Midland-Odessa Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII of the Civil Rights Act of 1964, as amended, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been and is now doing business in the State of Texas and the City of Midland, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Johnny Leazer filed a charge with the Commission alleging violations of Title VII of the Civil Rights Act of 1964, as amended, by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least June 2007, the Defendant has engaged in unlawful employment practices at its Lubbock, Texas facility in violation of Section 703(a) (1) of Title VII, 42 U.S.C. §2000e-2(a)(1), by subjecting Johnny Leazer, Jason Glenn and Keith Weir to a hostile work environment based upon their race, White, and national origin, Non-Hispanic. As a result of working in this environment, Johnny Leazer, Jason Glenn and Keith Weir were constructively discharged from their employment.

8. The result of the foregoing practices has been to deprive Johnny Leazer, Jason Glenn and Keith Weir of equal employment opportunities because of their race and national origin.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Johnny Leazer, Jason Glenn and Keith Weir.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race or national origin, or which facilitates, condones or encourages employees to create a hostile work environment based on an employee's race or national origin.

B. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from retaliating against

employees who oppose what they reasonably believe to be unlawful employment practices or who otherwise participate in Title VII proceedings.

    C.    Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Johnny Leazer, Jason Glenn and Keith Weir and eradicate the effects of its past and present unlawful unemployment practices.

    D.    Order the Defendant to make whole Johnny Leazer, Jason Glenn and Keith Weir by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, including but not limited to rightful-place reinstatement or front pay in lieu of reinstatement.

    E.    Order the Defendant to make Johnny Leazer, Jason Glenn and Keith Weir whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including but not limited to, pain and suffering, humiliation, embarrassment, emotional distress, anxiety, and loss of enjoyment of life, in amounts to be determined at trial.

    F.    Order the Defendant to pay Johnny Leazer, Jason Glenn and Keith Weir punitive damages for its malicious conduct or reckless indifference to their federally-protected rights as described in paragraphs 7 and 10 above, in an amount to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*with permission for*
Robert A. Canino
Regional Attorney
Oklahoma State Bar No. 011782

*w/ permission for*
Toby W. Costas
Supervisory Trial Attorney
Texas State Bar No. 04855720

Leticia Dominguez
Senior Trial Attorney
Texas State Bar No. 00795741

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

El Paso Area Office

300 E. Main Drive, Suite 500
El Paso, TX 79901-1331
    (915) 534-6676 (telephone)
    (915) 534-6701 (facsimile)